## TRUST & DEPOSIT CO. OF ONONDAGA v. SPARTANBURG WATER-WORKS CO.

(Circuit Court, D. South Carolina. November 7, 1899.)

**1. INSOLVENT CORPORATIONS — SALE OF PROPERTY ON FORECLOSURE — CLAIMS PAYABLE FROM PROCEEDS.**

A claim for services rendered in behalf of bondholders of an insolvent corporation in relation to the foreclosure of a mortgage securing the bonds cannot be allowed and paid from the proceeds of the mortgaged property, especially where there is no proof of a contract for such services with all the bondholders interested in the fund.

**2. SAME.**

The president of an insolvent mortgagor corporation, who, in the discharge of his duty, cares for the property pending foreclosure, a receiver having been refused, is entitled to payment for the services rendered from its proceeds when sold.

**3. SAME—COUNSEL FEES.**

Where the proceeds of the property of an insolvent corporation, sold in proceedings for winding up its affairs, are insufficient to pay creditors, fees of the attorneys representing the corporation cannot be allowed and paid therefrom.

**4. SAME.**

The fees of the counsel who file the bill under which the affairs of an insolvent corporation are wound up are allowable and payable from the proceeds of the property, the amount to be measured by the results.

On settlement of allowances against the fund produced by the sale of the property of defendant, an insolvent corporation, on foreclosure.

Carlisle & Carlisle, for complainant.
Hydrick & Wilson, for defendant.

SIMONTON, Circuit Judge. The property of the defendant corporation has been sold under decree of foreclosure of the second mortgage, subject to the lien of the first mortgage. It brought a nominal sum of $2,800. The case now comes up for final settlement. Various claims have been presented.

1. George W. Hannah. His claim is in these words:

"To services and expenses incurred for and in behalf of the second mortgage bondholders. In October, 1898, was appointed chairman of bondholders' protective committee, and from that time to present date have been in active correspondence with the bondholders, and have sent out a great many letters and telegrams. Have been to New York twice to attend meetings, and to Syracuse, N. Y., once, and to other points, to see bondholders. Also went to Spartanburg on the day of sale, in the interest of the bondholders. In all, think my services, including expenses, well worth $200."

This claim against the second mortgage bondholders is one outside the scope of these proceedings. It is a matter strictly between the party doing the service and the parties benefited. The claim must be based on contract. We have no evidence that there was any contract, express or implied, between him and the second mortgage bondholders as a whole; for, if he acted of his own motion, or by contract with a part of the bondholders, he has no claim upon the fund, which belongs to all the second mortgage bondholders.

2. The next is the claim of A. M. Whitney, president from October 2, 1898, to October, 1899. As the appointment of a receiver was refused, the claimant was in the discharge of his duty. His claim for $150 is allowed.

3. Claim of Messrs. Hydrick & Wilson for further counsel fee. This point has been frequently adjudicated in this court. In winding up the affairs of an insolvent corporation, when the proceeds of sale are insufficient to pay the claims of creditors, moneys belonging to creditors cannot be encroached upon to pay fees of the attorneys of the insolvent corporation. Phinizy v. Railroad Co. (C. C.) 98 Fed. ——; Bound v. Railway Co. (C. C.) 59 Fed. 509. This claim is disallowed.

4. Fees of complainant's solicitors. The universal rule is to allow fees to the counsel who file the bill under which the estate is administered. The amount of the compensation is measured by the result. In this case, although no very elaborate arguments were made, counsel were employed in their services to the case, and they have brought it to a very successful end. They are allowed $1,500.

Let the fee of the standing master be fixed at $300.