# WESTERN ELECTRIC COMPANY, Complainant,

*v.*

# ELECTRIC LIGHT COMPANY OF MAYAGUEZ ET AL., Defendants.

OPINION AS TO PRIORITY OF CLAIMS.

1. Both by the Spanish municipal law and the common law a mortgage or an instrument creating a lien is assignable.

2. A mortgagee who accepts a writing embracing different pieces of property, and providing that one of them may be disposed of by the mortgagor to enable him to carry out another contract, is estopped from questioning his right, and must abide the consequences.

3. When a conveyance is made upon a negotiation for money under circumstances indicating it was intended as security, a court of equity will hold it a mortgage, whatever may be the form of the writing. In doubtful cases this will be the leaning of the court.

4. Claims for services in resisting the appointment of a receiver do not stand upon the footing of the claim of a solicitor who has preserved a particular fund for the benefit of lien holders, and are not entitled to preference.

February 23, 1901.

*Mr. A. F. Odlin,* solicitor for complainant.

*Messrs. Horton & Cornwell* and *Ramon Freyre,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

This cause is submitted for a decree as to alleged priority of

claims, and to sell the property in the hands of the receiver. Upon the hearing the personal representatives of Jacob Baiz moved to file their petition as intervening creditors. The objection of the complainant thereto was overruled, and the petition ordered to be filed. The complainant demurred to it, and, in so far as it seeks to assert priority for the claim therein set out, the demurrer is sustained; otherwise, it is overruled.

A motion was also entered and leave filed by the defendant Pedro Ramirez, for an order upon the receiver herein, to pay him, as-owner, rent for the buildings and grounds in and upon which the machinery of the electric plant in the receiver's hands is located; also an agreement, dated December 26th, 1900, of the solicitors for complainant and said Ramirez, was, by leave, filed. The latter, by leave, also filed two affidavits relative to the value of the property herein claimed by him; and his motion for an order for the payment to him of rent is overruled for the reason that he is not adjudged the ownership of said building.

It appears that on July 20th, 1896, the defendant company was indebted to one Jacob Baiz, for its electric light plant, in a considerable sum; and to secure him in its payment it executed to him an instrument by which it put in alien to him its said electric plant. Subsequently the notes sued on by complainant were executed to Baiz by the defendant company on account of said indebtedness, and by him assigned to the complainant. Claiming, therefore, a prior lien, it instituted this action, and on October 5th, 1899, the property was placed in the receiver's hands. The defendant company attempted to set up various defenses. Among others, it claimed that the agreement of July 20th, 1896, was rescinded by a subsequent one,—by which Baiz undertook the administration of the electric plant, was thereby to pay his debt and all other debts of the defendant company; and that it has claims to a large amount against Baiz, or his

Western Electric Co. v. Electric Light Co. of Mayaguez.

estate; but they are not definitely set forth, and no sufficient defense is presented to the indebtedness asserted by the complainant.

The special master, by his report, filed December 3d, 1900, reported there is due it, as of October 1st, 1900, the sum of $24,403.58; and no exceptions having been filed thereto, said report is now confirmed, and the complainant, the Western Electric Company, is entitled to a judgment against the defendant the Electric Light Company of Mayaguez, for said sum with interest from October 1st, 1900, and its costs herein expended.

Both by the municipal Spanish law and the common law a mortgage or instrument creating a lien is assignable, and the complainant company clearly has the prior lien for the same upon the entire plant of the defendant company, unless it be the house and grounds in and upon which the same is located. It claims it as to them, and, upon the other hand, the defendant Pedro Ramirez claims to be the owner thereof by virtue of a deed from the defendant company to him, of February 13th, 1897. Whether it is to be regarded as a conveyance of absolute character or only a mortgage is to be determined; but, whether the one or the other, the question first arises whether the complainant company has a prior lien thereon by virtue of the instrument aforesaid of July 20th, 1896. It was never registered. The bill does not charge that Ramirez had actual knowledge of its existence prior to the making of the deed to him; but it is claimed that, although he is made a defendant in the bill, that he should in his answer affirmatively aver want of such notice, and that he has not done so.

However this may be, the instrument of July 20th, 1896, provides: "Giving as security the electric plant, to wit, dynamos, motors, boilers, machinery, posts, lamps, and everything pertaining to such plant without any exception whatever (but ex-

cepting the house belonging to the company, which contains the plant, of which it may dispose to enable it to fulfil its contract with the municipality of the city),'' etc.

It is urged the exception of the house had a limitation as to its transfer; that it could only be done to carry out its contract with the city of Mayaguez; but this exception was of a general character for that purpose. It could dispose of it to raise money to do so, and this seems to have been the purpose of the disposition made of it. The circumstances tend to show that Baiz then held the notes. The contract with Ramirez was authorized by the stockholders, by an order on their record; and it can hardly be supposed Baiz did not know of it, as it was then understood he was to take the administration of the plant, and most of the money went to him for supplies for it. It is fair where a mortgagee or lien holder accepts a writing embracing different pieces of property, and providing that one of them may be disposed of by the owner to enable him to carry out another contract, and he does dispose of it to a bona fide buyer, that the mortgagee shall not question his right. He has seen fit to trust his debtor, and must abide the consequence. The conveyance to Ramirez is of a conditional character. It was ordered by the stockholders that the lot and building be sold to him for 7,000 pesos, or $4,200, provided he would reconvey if the company refunded the money at the end of Baiz's administration of the plant, which was expected to be five years; accordingly a deed was made for said sum, providing if within five years the money was refunded, Ramirez would resell to the company. In the meantime the company was to pay him 80 pesos monthly as rent, and this was paid to October 1st, 1899, and it will be treated as interest upon the 7,000 pesos to that time. The property is shown to be worth $4,700. It was expressly provided that none of the machinery or chattels, however attached to the

Western Electric Co. v. Electric Light Co. of Mayaguez.

realty, were embraced by the writing; and it does not appear that Baiz ever, in fact, entered upon the administration of the plant.

The facts stated in the writing would not in themselves, perhaps, constitute a mortgage; but the attending circumstances tend strongly to show it was merely a loan. The company was in sore need of money to operate the plant, and Ramirez knew it. It is clearly shown, however, the money was paid, and that it was a bona fide transaction. The defendant got the benefit of Ramirez's 7,000 pesos, and it appears to have gone, in large part, to fulfil its contract with the city. Generally when a conveyance is made upon a negotiation for money, and under like circumstances as in this case, a court of equity will hold it a mortgage, whatever may be the form of the contract. If the grantee agrees to receive back his money with interest or a larger sum, and reconvey within a certain term, equity treats it as but a mortgage; and if the circumstances leave the matter in doubt, that should be the leaning of the court.

The defendant Ramirez is entitled to a first lien upon the house and lot described in the pleadings, for the sum of $4,200, with interest at 6 per cent per annum from October 1st, 1899, until paid, and his costs herein expended.

The decree herein will adjudge the sums to the parties and the priority of lien as above indicated, and will provide that the master will sell said lot of ground and building separate from the balance of the plant. Before ordering the sale a period of thirty days will be given the defendant company to pay said sums.

The demurrer to Ramon Roura's claims as preferred is sustained in toto; but, it being now agreed by the parties that his claim of $40 set up in the first paragraph of his intervening petition, and $60 in the second paragraph, are reasonable and cor-

rect, the same are now allowed upon the record, but as general claims only. The first sum is for services rendered the insolvent corporation prior to its going into the receiver's hands, and the last for services in resisting the appointment of a receiver. They do not stand upon the footing of the claim of a solicitor who has preserved a particular fund, subject to liens, and thereby benefited the lien holders. In such a case it may be equitable to allow him for the services out of the fund. His claim for $100 is disallowed. It is for services rendered the corporation since the appointment of a receiver. Trust & Deposit Co. v. Spartanburg Waterworks Co. 97 Fed. 409.

The special master, C. H. Magee, is allowed $25 for his services herein, to be paid by the complainant and taxed as a part of its costs.

A. F. Odlin, Esq., is allowed for his services as solicitor for the Western Electric Company the sum of $2,500 as a reasonable fee, payable by said complainant, or out of any sum that may be coming to it in this cause; and to that end a lien for said sum is hereby adjudged him upon the complainant's judgment.

All questions as to general claims against the defendant company, not herein decided, or as to the receiver's compensation or costs, or, in fact, any question not herein disposed of is reserved for the court's future action and a decree will be prepared and entered in accordance with this opinion.

It is so ordered.